# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

MARY MILLER,
**individually and on behalf of**
**all others similarly situated,**

       **Plaintiff,**

  **v.**

                                      **CASE NO. 22-cv-327**

**MENASHA ENTERTAINMENT, LLC**
**d/b/a BLU SAPPHIRES,**

**CURT STRATTON,**

**KEVIN WEAVER,**

    **and**

**NEELA SATHIYAMOORTHY,**

       **Defendants.**

## COLLECTIVE AND CLASS ACTION COMPLAINT

### PRELIMINARY STATEMENT

1.    This is a collective and class action brought by Plaintiff Mary Miller, individually and on behalf of the members of the proposed classes identified below. Plaintiff and the putative class members are, or were, employees of Defendants Menasha Entertainment, LLC d/b/a Blu Sapphires, Kevin Weaver, Neela Sathiyamoorthy, and Curt Stratton (collectively referred to hereinafter as "Sapphires") at times since March 14, 2019. Within the statutory period of three

years from the filing of this complaint, Sapphires has had uniform policies and practices of failing to pay minimum wages, failing to pay overtime premium compensation, withholding earned tips, and failing to compensate Plaintiff Miller and the putative class members for all hours worked in violation of the Fair Labor Standards Act of 1938, as amended, ("FLSA") and Wisconsin law. Within the statutory period of two years from the filing of this complaint, Sapphires has also taken impermissible deductions from Plaintiff Miller and the putative class members in violation of Wis. Stat. § 103.455.

2.      As a result, Sapphires has denied Plaintiff Miller and the putative class members of minimum wages, tip compensation, and overtime compensation in violation of the Fair Labor Standards Act of 1938, as amended ("FLSA") as well as minimum wages, agreed upon wages, tip compensation, and overtime compensation in violation of Wisconsin law. Further, Plaintiff Miller and the putative class members have been subject to multiple illegal deductions as a result of Sapphires' policies.

3.      Plaintiff Miller brings this action, individually and on behalf of other similarly situated current and former Sapphires employees, as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") for the purpose of obtaining relief under the FLSA for unpaid minimum wages, withheld tips, unpaid overtime compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate.

4. Plaintiff Miller also brings this action pursuant to FED. R. CIV. P. 23 for purposes of obtaining relief under Wisconsin's wage laws for unpaid minimum wages, unpaid agreed upon wages, unpaid overtime compensation, illegal deductions, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331, this action being brought under the FLSA, 29 U.S.C. §201, *et seq*.

6. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin Green Bay Division because a substantial part of the events or omissions giving rise to the claims occurred within the district and Defendants Menasha Entertainment, LLC d/b/a Blu Sapphires and Curt Stratton have and have had substantial and systematic contacts in this district within the relevant statutory periods.

## PARTIES

8. Defendant Menasha Entertainment, LLC is a Wisconsin Corporation with its principal place of business in Wisconsin at 13500 Watertown Plank Rd., Suite 205, Elm Grove, WI 53122. Defendant Menasha Entertainment, LLC does

business as and operates Blu Sapphires located at W7191 Us Hwy 10-114, Menasha, WI 54952.

9. Defendant Menasha Entertainment, LLC's registered agent of service is Neela Sathiyamoorthy located at 13500 Watertown Plank Rd., Suite 205, Elm Grove, WI 53122.

10. Neela Sathiyamoorthy ("Sathiyamoorthy") is an adult resident of Waukesha County, in the State of Wisconsin, with a mailing address of 18855 Chapel Hill Drive, Brookfield, Wisconsin, 53045.

11. Sathiyamoorthy is the owner of Menasha Entertainment, LLC and has control over the employment and payroll practices of Sapphires.

12. Curt Thomas Stratton ("Stratton") is an adult resident of Winnebago County, in the State of Wisconsin, with a mailing address of 1332 Traders Road, Apt. 21, Menasha, Wisconsin, 54952.

13. Curt Stratton operates and oversees the day-to-day operations of Sapphires. Stratton has control over all human resources and compensation aspects of Sapphires' operation. Stratton can hire, fire, and discipline Sapphires' employees, including its exotic dancers. Stratton determined the rates and methods of compensation for Sapphires' employees, including its exotic dancers.

14. Kevin John Weaver ("Weaver") is an adult resident of Rock County in the State of Wisconsin, with a mailing address of 1143 Highland Ave., Beloit, Wisconsin 53511.

15.     Waver is the Chief Operating Officer of Menasha Entertainment, LLC and has control over the employment and payroll practices of Sapphires.

16.     Joinder of Defendants is proper pursuant to Fed.R.Civ.P. 20(a)(2) because Plaintiff's rights to relief are asserted against all Defendants and are arising out of the same series of occurrences and common questions of law and fact.

17.     Plaintiff Maryrose Miller ("Miller") is an adult who resides in Fond du Lac County in the State of Wisconsin. Plaintiff Miller's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A to and is made a part of this Complaint.

18.     Plaintiff Miller has worked for Sapphires as an exotic dancer at times from June 6, 2021 until September 1, 2021.

19.     Plaintiff Miller brings this action on behalf of herself and all other similarly situated employees in the FLSA Minimum Wage Class, as authorized under the FLSA, 29 U.S.C. § 216(b). The **FLSA Minimum Wage Class** is defined as follows:

> All persons who worked as an exotic dancer for Sapphires and who were not paid minimum wages for each hour worked since March 14, 2019.

20.     Plaintiff Miller brings this action on behalf of herself and all other similarly situated employees in the FLSA Overtime Class, as authorized under the FLSA, 29 U.S.C. § 216(b). The **FLSA Overtime Class** is defined as follows:

> All persons who worked as an exotic dancer for Sapphires and who were not paid overtime premium compensation at any time since March 14, 2019.

21.     Plaintiff Miller brings this action on behalf of herself and all other similarly situated employees in the Wisconsin Minimum Wage Class pursuant to FED.R.CIV.P. 23. The **Wisconsin Minimum Wage Class** is defined as follows:

> All persons who worked as an exotic dancer for Sapphires in Wisconsin and who were not paid minimum wages for each hour worked since March 14, 2020.

22.     Plaintiff Miller brings this action on behalf of herself and all other similarly situated employees in the Wisconsin Overtime Class pursuant to FED.R.CIV.P. 23. The **Wisconsin Overtime Class** is defined as follows:

> All persons who worked as an exotic dancer for Sapphires in Wisconsin and who were not paid overtime premium compensation at any time since March 14, 2020.

23.     Plaintiff Miller brings this action on behalf of herself and all other similarly situated employees in the Wisconsin Deductions Class pursuant to FED.R.CIV.P. 23. The **Wisconsin Deductions Class** is defined as follows:

> All persons who worked as an exotic dancer for Sapphires in Wisconsin and who were subjected to fines at any time since March 14, 2020.

24.     The FLSA Minimum Wage Class and The FLSA Overtime Class will be referred collectively hereinafter as the "Collective Classes."

25.     The Wisconsin Minimum Wage Class, the Wisconsin Overtime Class, and the Wisconsin Deductions Class, will be referred to collectively hereinafter as the "Wisconsin Classes."

26. The FLSA Minimum Wage Class, The FLSA Overtime Class, the Wisconsin Minimum Wage Class, the Wisconsin Overtime Class, and Wisconsin Deductions Class will be referred to collectively hereinafter as the "Classes."

## GENERAL ALLEGATIONS

27. Plaintiff Miller, and the Collective Classes work, or have worked, as exotic dancers for Sapphires at times since March 14, 2019.

28. Plaintiff Miller, and the Wisconsin Classes work, or have worked, as exotic dancers for Sapphires since March 14, 2020.

29. Since March 14, 2020, Sapphires has operated a gentleman's club under the trade name Blu Sapphires and provided exotic dancers for its customers entertainment.

30. Menasha Entertainment, LLC has operated Sapphires within the relevant statutory periods.

31. On information and belief, Defendant Weaver asserted joint control over the employment practices at Sapphires, including the compensation practices, applicable to Plaintiff and the Classes at all times Plaintiff and the members of the Classes worked as exotic dancers for Sapphires since March 14, 2019.

32. On information and belief, Defendant Stratton asserted joint control over the employment practices at Sapphires, including the compensation practices, applicable to Plaintiff and the Classes at all times Plaintiff and the members of the Classes worked as exotic dancers for Sapphires since March 14, 2019.

33. On information and belief, Defendant Sathiyamoorthy asserted joint control over the employment practices at Sapphires, including the compensation

practices, applicable to Plaintiff and the Classes at all times Plaintiff and the members of the Classes worked as exotic dancers for Sapphires since March 14, 2019.

34.     Plaintiff, the Collective Classes, and the Wisconsin Classes, purchase stage attire, makeup, and shoes which travel through interstate commerce. Plaintiff, the Collective Classes, and the Wisconsin Classes, use the stage attire, makeup, and shoes each workday.

35.     Plaintiff, the Collective Classes, and the Wisconsin Classes dance to music which Sapphires downloads over the internet. The internet is an instrumentality of commerce. All dances are performed to music which is downloaded over or streamed via the internet by Sapphires and therefore, Plaintiff, the Collective Classes, and the Wisconsin Classes use instrumentalities of commerce while performing all dances each workday.

36.     Sapphires has a cashier who takes payments for dances performed by Plaintiff, the Collective Classes, and the Wisconsin Classes. The cashier processes numerous credit card transactions to pay for dances performed by Plaintiff, the Collective Classes, and the Wisconsin Classes each day Sapphires is open.

37.     Sapphires serves beer and liquor which is brewed/distilled outside of Wisconsin.

38.     Since March 14, 2019 Sapphires' annual gross volume of business exceeded $500,000 each year.

39. Sapphires labels Plaintiff, the Collective Classes, and the Wisconsin Classes as independent contractors.

40. Despite using the label of "independent contractor," Sapphires retains the absolute right to control and direct the work of Plaintiff, the Collective Classes, and the Wisconsin Classes.

41. Sapphires requires Plaintiff, the Collective Classes, and the Wisconsin Classes to show up at set times and requires Plaintiff, the Collective Classes, and the Wisconsin Classes to follow their strict codes of conduct.

42. Sapphires requires Plaintiff, the Collective Classes, and the Wisconsin Classes to wear specific clothing, and prescribes strict rules regarding how to dance while on the stage.

43. Sapphires sets the rate which Plaintiff, the Collective Classes, and the Wisconsin Classes can charge for lap dances and VIP room performances.

44. Plaintiff, the Collective Classes, and the Wisconsin Classes provide the very service that Sapphires primarily offers – exotic dancing services for Sapphires' paying customers.

45. Plaintiff, the Collective Classes, and the Wisconsin Classes have not been paid any wages (including minimum and overtime wages) by Sapphires at any time within the statutory periods.

46. In each and every workweek that Plaintiff, the Collective Classes, and the Wisconsin Classes have worked for Sapphires within the statutory periods, Sapphires has not paid any wages for each hour worked.

47.     In each and every workweek that Plaintiff, the Collective Classes, and the Wisconsin Classes have worked for Sapphires within the statutory periods, Sapphires has retained tips provided by Sapphires' customers to Plaintiff, the Collective Classes, and the Wisconsin Classes.

48.     Plaintiff, the Collective Classes, and the Wisconsin Classes are paid tips by Sapphires' customers, including on a per dance basis.

49.     Plaintiff, the Collective Classes, and the Wisconsin Classes are tipped employees under the FLSA and Wisconsin law.

50.     For each dance Plaintiff, the Collective Classes, and the Wisconsin Classes provide to Sapphires' customers, Plaintiff, the Collective Classes, and the Wisconsin Classes pay Sapphires a fee, or set portion of the amount the customer pays for the services.

51.     As an example, Plaintiff, the Collective Classes, and the Wisconsin Classes are required to charge $25.00 for one lap dance. Of that $25.00 the dancer receives from the customer, Plaintiff, the Collective Classes, and the Wisconsin Classes must pay $10.00 to Sapphires.

52.     Likewise, Plaintiff, the Collective Classes, and the Wisconsin Classes are required to charge $150 for fifteen minute "VIP Room" dances. Of that $150 the dancer receives from the customer, Plaintiff, the Collective Classes, and the Wisconsin Classes must pay a house fee of $50 to Sapphires.

53.     Sapphires has not given its dancers an IRS Form 1099-MISC reflecting a portion of the money Sapphires' customers pay to Plaintiff, the Collective Classes,

and the Wisconsin Classes from the last fiscal year. Sapphires has not provided Plaintiff, the Collective Classes, and the Wisconsin Classes an IRS Form W2.

54.     Sapphires does not pay Plaintiff, the Collective Classes, and the Wisconsin Classes an hourly wage or any wages at all.

55.     Sapphires takes deductions and/or assesses fines against Plaintiff, the Collective Classes, and the Wisconsin Classes for "house fees", mandatory tip outs, and fines which are deducted from the tips received by Plaintiff, the Collective Classes, and the Wisconsin Classes.

56.     Sapphires has not informed Plaintiff, the Collective Classes, or the Wisconsin Classes that Sapphires was taking a tip credit.

57.     Sapphires does not obtain a tip declaration from Plaintiff, the Collective Classes, and the Wisconsin Classes recording all tips earned by Plaintiff, the Collective Classes, and the Wisconsin Classes.

58.     As a result of Sapphires' above uniform policies, including Sapphires' failure to pay any wages to its dancers, Plaintiff, the Collective Classes, and the Wisconsin Classes were neither paid minimum wages nor overtime compensation for all hours worked over forty (40) hours in one workweek at various times since March 14, 2019.

59.     Since March 14, 2020, Sapphires has imposed various "fines" on Plaintiff, the Collective Classes, and the Wisconsin Classes for alleged violations of Sapphires' company policies.

60. The deductions for fines assessed by Sapphires have not been authorized in writing by Plaintiff and the Wisconsin Deductions Class.

61. Sapphires did not provide Plaintiff and the Wisconsin Deductions Class the opportunity to contest the fines.

62. Wis. Stat. § 103.455 does not require Plaintiff to exhaust administrative remedies prior to bringing a claim under Wis. Stat. § 103.455.

63. As an example, Plaintiff, the Collective Classes, and the Wisconsin Classes were fined for any damage done to club furniture by customers they are performing dances for and fined for any cleaning that is necessitated by the actions of the customer they are performing dances for.

64. As a result of Sapphires' uniform practice to impose various punitive fines on Plaintiff and Wisconsin Discussions Class, Sapphires took illegal deductions from its dancers', including Plaintiff and Wisconsin Deductions Class, at various times since March 14, 2020.

65. Sapphires' conduct, as set forth in this complaint, was willful and in bad faith, and has caused significant damages to Plaintiff Miller the Collective Classes, and the Wisconsin Classes.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

66. Plaintiff Miller and the Collective Classes that they bring this action on behalf of, are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to Sapphires' decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them a minimum wage for each hour

worked and overtime compensation for each hour worked over forty (40) hours in one workweek. The claims of Plaintiff Miller stated herein are the same as those of the Collective Classes they seek to represent.

67.    Plaintiff Miller and the Collective Classes seek relief on a collective basis and challenge Sapphires' policies and practices which lead to federal wage violations.

68.    As a result of the above alleged uniform pay practices, Sapphires has failed to pay Plaintiff Miller and the FLSA Minimum Wage Class the required minimum wages for all hours worked.

69.    As a result of the above alleged uniform pay practices, Sapphires has failed to pay Plaintiff Miller and the FLSA Minimum Wage Class tips received by Plaintiff Miller and the FLSA Minimum Wage Class.

70.    As a result of the above alleged uniform pay practices, Sapphires has failed to pay Plaintiff Miller and the FLSA Overtime Class overtime compensation for all hours worked of forty (40) in a workweek.

71.    The Collective Classes are readily ascertainable. For purpose of notice and other reasons related to this action, their names, phone numbers, social security numbers, and addresses are readily available from Sapphires. Notice can be provided to the Collective Classes via first class mail to the last address known to Sapphires and through posting at Sapphires' facility in areas where postings are normally made.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

72.     Plaintiff Miller brings their Wisconsin state law claims, pursuant to Wisconsin wage and hour laws, under FED. R. CIV. P. 23 on behalf of the Wisconsin Classes for violations occurring on or after March 14, 2020.

73.     The members of the Wisconsin Classes are readily ascertainable. The number and identity of the members of the Wisconsin Classes are determinable from the records of Sapphires.

74.      The proposed Wisconsin Classes are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Sapphires, upon information and belief, there are at least 50 members in the Wisconsin Classes.

75.     Plaintiff Miller's minimum wage and illegal deductions claims are typical of those claims which could be alleged by any member of the Wisconsin Minimum Wage Class and the Wisconsin Deductions Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Minimum Wage Class and the Wisconsin Deductions Class in separate actions. The alleged claims arise out of the same corporate practices of Sapphires and Sapphires benefited from the same type of unfair and/or wrongful acts as to each Wisconsin Minimum Wage Class and Wisconsin Deductions Class member. Plaintiff Miller and other members of the Wisconsin Minimum Wage Class and the Wisconsin

Deductions Class sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

76.    Plaintiff Miller are able to fairly and adequately protect the interests of the Wisconsin Minimum Wage Class and the Wisconsin Deductions Class and have no interests antagonistic to the Wisconsin Class.

77.    Plaintiff Miller's overtime claim is typical of those claims which could be alleged by any member of the Wisconsin Overtime Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Overtime Class in separate actions. The alleged claims arise out of the same corporate practices of Sapphires and Sapphires benefited from the same type of unfair and/or wrongful acts as to each Wisconsin Overtime Class member. Plaintiff Miller and other members of the Wisconsin Overtime Class sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

78.    Plaintiff Miller is able to fairly and adequately protect the interests of the Wisconsin Overtime Class and has no interests antagonistic to the Wisconsin Class.

79.    There are questions of fact and law common to the Wisconsin Classes that predominate over any questions affecting only individual members, such as:

    a)    Whether Sapphires exotic dancers are employees or independent contractors;

b) Whether Sapphires violated Wisconsin's wage and hour laws by failing to pay Plaintiff Miller and the Wisconsin Minimum Wage Class the applicable minimum wage rate for all hours worked;

c) Whether Sapphires violated Wisconsin's wage and hour laws by failing to pay Plaintiff Miller and the Wisconsin Overtime Class the applicable overtime compensation rate for all hours worked over forty (40) hours in one workweek;

d) Whether Sapphires violated Wisconsin law by imposing a series of fines on Plaintiff Miller, and the Wisconsin Deductions Class' for alleged violations of company policy;

e) Whether Sapphires' obtained authorization, in writing, prior to taking deductions from its exotic dancers compensation; and

f) Whether Sapphires' actions as described in this Complaint were willful violations of Wisconsin law.

80. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Plaintiff lack the financial resources to vigorously prosecute separate lawsuits in federal court against a wealthy corporate Defendant, particularly those with relatively small claims.

81. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations

of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the claims.

## FIRST CLAIM FOR RELIEF
### Violation of the Fair Labor Standards Act of 1938 as Amended

82.     Plaintiff Miller, on behalf of herself and the Collective classes, reassert and incorporate by reference all paragraphs set forth above as if restated herein.

83.     Since March 14, 2019, Plaintiff Miller and the Collective Classes have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

84.     Sapphires is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

85.     Since March 14, 2019, Sapphires was an employer of Plaintiff Miller and the Collective Classes as provided under the FLSA.

86.     As a result of the above alleged practices, Sapphires violated the FLSA by failing to account for and compensate Plaintiff Miller and the FLSA Minimum Wage Class at the applicable minimum wage rate since March 14, 2019.

87.     As a result of the above alleged practices, Sapphires violated the FLSA by retaining tips earned by Plaintiff Miller and the FLSA Minimum Wage Class since March 14, 2019.

88.     As a result of the above alleged practices, Sapphires violated the FLSA by failing to account for and compensate Plaintiff Miller and the FLSA Overtime Class at the applicable overtime compensation rate since March 14, 2019.

89.    Plaintiff Miller and the FLSA Minimum Wage Class are entitled to damages equal to the mandated minimum wage since March 14, 2019, plus periods of equitable tolling because Sapphires acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

90.    Plaintiff Miller and the FLSA Minimum Wage Class are entitled to damages equal to the tips retained by Sapphires since March 14, 2019, plus periods of equitable tolling because Sapphires acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

91.    Plaintiff Miller and the FLSA Overtime Class are entitled to damages equal to the mandated overtime compensation rate since March 14, 2019, plus periods of equitable tolling because Sapphires acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

92.    Sapphires' failure to properly compensate Plaintiff Miller and the FLSA Minimum Wage Class was willfully perpetrated and Plaintiff Miller and the FLSA Minimum Wage Class are therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

93.    Sapphires' failure to properly compensate Plaintiff Miller and the FLSA Overtime Class was willfully perpetrated and Plaintiff Miller and the FLSA Overtime Class are therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime compensation described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

94.     Alternatively, should the Court find that Sapphires did not act willfully in failing to pay minimum and overtime premium wages, Plaintiff Miller and the Collective Classes are entitled to an award of pre-judgment interest at the applicable legal rate. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiff are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid minimum wages.

## SECOND CLAIM FOR RELIEF
## Violation of Wisconsin Law – Unpaid Minimum and Overtime Wages

95.     Plaintiff Miller, on behalf of herself and members of the Wisconsin Classes, re-allege and incorporate all previous paragraphs as if they were set forth herein.

96.     Since March 14, 2020, Plaintiff Miller and members of the Wisconsin Classes were employees within the meaning of Wis. Stat. §§ 109.01 *et seq*.

97.     Since March 14, 2020, Plaintiff Miller and the members of the Wisconsin Classes were employees within the meaning of Wis. Stat. §§ 103.001 *et seq*.

98.     Since March 14, 2020, Plaintiff Miller and members of the Wisconsin Classes were employees within the meaning of Wis. Stat. §§ 104.01 *et seq*.

99.     Since March 14, 2020, Plaintiff Miller and members of the Wisconsin Classes were employees within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq*.

100.    Since March 14, 2020, Plaintiff Miller and members of the Wisconsin Classes were employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

101.    Since March 14, 2020, Sapphires was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

102.    Since March 14, 2020, Sapphires was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

103.    Since March 14, 2020, Sapphires was an employer within the meaning of Wis. Stat. §§ 104.01 *et seq.*

104.    Since March 14, 2020, Sapphires was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

105.    Since March 14, 2020, Sapphires was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

106.    Since March 14, 2020, Sapphires has employed, and/or continues to employ Plaintiff Miller and the members of the Wisconsin Classes as within the meaning of Wis. Stat. §§ 109.01 *et seq.*

107.    Since March 14, 2020, Sapphires has employed, and/or continues to employ Plaintiff Miller and the members of the Wisconsin Classes as within the meaning of Wis. Stat. §§ 103.001 *et seq.*

108.    Since March 14, 2020, Sapphires has employed, and/or continues to employ Plaintiff Miller and the members of the Wisconsin Classes as within the meaning of Wis. Stat. §§ 104.01 *et seq.*

109.   Since March 14, 2020, Sapphires has employed, and/or continues to employ Plaintiff Miller and the members of the Wisconsin Classes as within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

110.   Since March 14, 2020, Sapphires has employed, and/or continues to employ Plaintiff Miller and the members of the Wisconsin Classes as within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

111.   Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

112.   The foregoing conduct, as alleged above, constitutes continuing, willful violations of Wisconsin's law requiring the payment of minimum and overtime wages.

113.   As set forth above, Plaintiff Miller and the members of the Wisconsin Classes have not received legally required compensation as a proximate result of Sapphires' violations. Accordingly, Plaintiff Miller, on behalf of herself and the Wisconsin Classes, seeks damages in the amount of their respective unpaid minimum wage and overtime compensation, injunctive relief requiring Sapphires to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff Miller and the Wisconsin Classes may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

114. Plaintiff Miller, on behalf of herself and the Wisconsin Class, seeks recovery of attorneys' fees and the costs of this action to be paid by Sapphires, pursuant to Wisconsin law.

## THIRD CLAIM FOR RELIEF
## <u>Violation of Wisconsin Law – Illegal and Unauthorized Deductions</u>

115. Plaintiff Miller, on behalf of herself and the Wisconsin Class, re-alleges and incorporate all previous paragraphs as if they were set forth herein.

116. Since March 14, 2020, Plaintiff Miller and the Wisconsin Deductions Class members were subject to Sapphires common policies, programs, practices, procedures, protocols, routines, and rules of willfully fining and/or taking deductions form Plaintiff Miller and the Wisconsin Deductions Class in violation of Wis. Stat. § 103.455.

117. As set forth above, Plaintiff Miller and the Wisconsin Deductions Class members have sustained losses as a result of Sapphire's fines and deductions. Accordingly, Plaintiff Miller, on behalf of herself and the Wisconsin Deductions Class, seeks damages in the amount of the fines taken within the relevant statutory period, injunctive relief requiring Sapphires to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 103.455, Plaintiff Miller and the Wisconsin Deductions Class are entitled to twice the amount of the illegal deductions.

118.    Plaintiff Miller, on behalf of herself and the Wisconsin Deductions

Class, seeks recovery of attorneys' fees and the costs of this action to be paid by

Sapphires, pursuant to the Wisconsin law.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Miller, on behalf of herself and on the behalf of all

members of the Collective Classes and Wisconsin Classes requests the following

relief:

a)  An order designating this action as a collective action on behalf of the Collective Classes and issuance of notices pursuant to 29 U.S.C. § 216(b) to all similarly-situated individuals;

b)  An order certifying this action as a FED. R. CIV. P. 23 class action on behalf of the proposed Wisconsin Class;

c)  An order designating Plaintiff Miller as the Named Plaintiff and as representative of the Collective Classes and Wisconsin Classes set forth herein;

d)  Leave to add additional Plaintiff by motion, the filing of written consent forms, or any other method approved by the Court;

e)  An Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Sapphires' actions as described in the Complaint as unlawful and in violation of the Wisconsin Law and applicable regulations;

f)  An order finding that Sapphires violated the FLSA and Wisconsin's wage and hour law;

g)  An order finding that these violations were willful;

h)  Judgment against Sapphires in the amount equal to the Plaintiff Miller's, the Collective Classes', the Wisconsin Classes', and the Wisconsin Deduction Class' unpaid wages at the applicable minimum wage and overtime rates;

i) Judgement in the amount equal to Plaintiff Miller's and the Wisconsin Classes' fines taken within the relevant statutory period.

j) An award in the amount of all liquidated damages and penalties as provided under Wisconsin law and the FLSA;

k) An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

l) Such further relief as the Court deems just and equitable.

Dated this 14th day of March, 2022.

Respectfully submitted,

*s/LARRY A. JOHNSON*
Larry A. Johnson
Bar Number 1056619
Summer Murshid
Bar Number 1075404
Timothy Maynard
Bar Number 1080953
Attorneys for Plaintiff

**Hawks Quindel, S.C.**
5150 N. Port Washington Rd., Suite 243
Milwaukee, WI 53217-5470
Telephone: 414-271-8650
Fax: 414-207-6079
E-mail: ljohnson@hq-law.com
          smurshid@hq-law.com
          tmaynard@hq-law.com